IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Natasha Danielle Tapp, | ) | C/A No. 9:21-cv-01481-SAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| Kilolo Kijakazi, Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Natasha Danielle Tapp ("Plaintiff") brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Administrative Law Judge's ("ALJ's") final decision denying her claim for Supplemental Security Income ("SSI") under the Social Security Act. In accordance with 28 U.S.C. § 636 and Local Civil Rule (D.S.C.) 73.02 (B)(2)(a), this matter was referred to United States Magistrate Judge Molly H. Cherry for pre-trial handling. On July 27, 2022, the Magistrate Judge issued a Report and Recommendation ("Report"), recommending that the decision be affirmed. [ECF No. 17.] Attached to the Report is a Notice of Right to File Objections. *Id.* at 10. Neither party filed objections to the Report,[1] and the time for doing so has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this

---

[1] Defendant filed a notice of intent not to file objections to the Report. [ECF No. 27.] The notice describes the Report as recommending the Commissioner's decision be *reversed*, and the Report at issue actually recommends the decision be *affirmed*. The court presumes this is a mistype, as Defendant correctly identified the date of the Report. Regardless, Defendant did not subsequently file any objections to the Report.

1

court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, adopts the Report, ECF No. 17, and incorporates the Report by reference herein. Accordingly, the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon
United States District Judge

August 11, 2022
Florence, South Carolina